UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RASHELLE FOX; and FOX WELLNESS, LLC,

    Plaintiffs,

v.                                                            Case No. 6:17-cv-1766-Orl-37TBS

GREGORY PAUL SAMANO, II;
SAMANO AESTHETICS, LLC; and
SAMANO FAMILY PRACTICE, LLC,

    Defendants.

## **ORDER**

Invoking the Court's diversity jurisdiction, Plaintiff initiated this breach-of-contract action on October 12, 2017. (Doc. 1.) Upon review, the Court finds that the Complaint is due to be dismissed *sua sponte* because it insufficiently alleges subject matter jurisdiction and is an impermissible shotgun pleading.

To begin, Plaintiff has failed to properly allege her own citizenship and that of Defendant Gregory Paul Samano, II ("**Mr. Samano**"). Instead, she alleges that: (1) Mr. Samano has an address in Winter Park, Florida (*id.* ¶ 3); and (2) she is "a resident of the State of Georgia" (*id.* ¶ 4). But residence alone is insufficient to establish an individual's citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Rather, the citizenship of an individual is determined by domicile, which is

-1-

established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Next, Plaintiff has insufficiently alleged the citizenship of those parties that are limited liability companies—Plaintiff Fox Wellness, LLC; Defendant Samano Aesthetics, LLC; and Defendant Samano Family Practice, LLC (collectively, "**LLC Parties**"). (*See* Doc. 1, ¶¶ 1, 2, 5.) For the purpose of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *Rolling Greens MHP, LLC v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). An LLC is a citizen of any state where one or more of its members is a citizen. *Id.* Here, Plaintiff fails to identify the citizenship of each member of the LLC Parties; rather, she incorrectly alleges their principal place of business as if they were incorporated entities. (Doc. 1, ¶¶ 1, 2, 5.) These deficient jurisdictional allegations require repleader.

Lastly, the Complaint is also an impermissible shotgun pleading, as "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters.*

*of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). Here, each successive count in the Complaint carries with it all that came before. (*See* Doc. 1, ¶¶ 30, 38, 43, 47, 54, 59.)

Once again, the Court is compelled to remind counsel that federal courts are courts of limited jurisdiction and that it is incumbent upon counsel seeking to practice in the federal courts to sufficiently inform themselves of the jurisdictional facts which must exist, and be properly pled, in order to invoke subject matter jurisdiction. The waste of judicial resources imposed by the required *sua sponte* review and rejection of inadequate jurisdictional allegations, especially in diversity cases, is becoming intolerable and the Court will consider the imposition of sanctions in appropriate cases going forward. *See, e.g.*, *Wilkins v. Stapleton*, No. 6:17-cv-1342-Orl-37GJK (M.D. Fla. Aug. 1, 2017), Doc. 5; *see also Eaton v. Vista Outdoors, Inc.*, No. 6:17-cv-1096-Orl-37KRS, 2017 WL 3033782 (M.D. Fla. Jul. 18, 2017); *Ranieri Partners, LLC v. Matheson*, No. 6:15-cv-1606-Orl-37DAB, 2015 WL 12861140 (M.D. Fla. Oct. 1, 2015); *Bristol v. Depuy Synthes Prods., LLC*, No. 6:15-cv-464-Orl-37DAB, 2015 WL 12853078 (M.D. Fla. Mar. 31, 2015).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.
2. On or before Tuesday, **October 31, 2017**, Plaintiff may file an amended complaint that remedies the deficiencies identified in this Order. Failure to file may result in closure of this action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 24, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record